Anthony Y. Cerchiara, J.
Petitioner, the plaintiff in a negligence action, recovered a judgment in this court in amount of $4,688.75 against an uninsured defendant, Rossie Edwards, which judgment was not satisfied.
Petitioner now moves for an order directing the respondent, his insurer, to pay said judgment, alleging in his petition that he is a qualified person and that he has complied with the requirements of section 608 of article 17-A of the Insurance Law.
The petition is apparently brought under section 610 of the Insurance Law which provides, When any qualified person who has complied with all the applicable requirements of this article recovers a final judgment in any court of competent jurisdiction in this state, against a financially irresponsible motorist, for injury to, or death of, any person or persons arising out of the ownership, maintenance or use of the uninsured motor vehicle in this state, and any amount remains unpaid thereon, and the time for appeal from such judgment has expired * * such judgment creditor may, upon the termination of all proceedings, file a verified petition in the court in which the judgment was entered and, upon ten days’ written notice to the corporation may apply to the court for an order directing payment *680 by the corporation of the amount unpaid upon such judgment.” (Emphasis added.) The section then goes on to limit the amount that may be recovered by any such qualified person against the corporation.
As used in section 610 of the Insurance Law, “ qualified person ” means a resident of the State of New York other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle; and “ corporation ” is defined as the “ Motor Vehicle Accident Indemnification Corporation ”. (See Insurance Law, § 601.)
This proceeding does not lie; the petitioner is not such a “ qualified person ”, nor is the respondent, the “ corporation”. Clearly the petitioner must look for redress against his insurer under the uninsured motorists provisions of his insurance contract.
Accordingly, the petition is dismissed without prejudice to the petitioner’s undertaking such other proceedings as he may be advised as proper.